UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00693-GNS

ENRIQUE ANTONIO GUILLEN GARCIA PETITIONER

v.

SAMUEL OLSON, ICE FOD Chicago;
MIKE LEWIS, Hopkins County Jailer;
MARKWAYNE MULLIN, DHS Sec.;
LAUREN BIZ, DHS Asst. Sec.; and
TODD BLANCHE, U.S. A.G. RESPONDENTS

**ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus (DN 1) and Respondents' Motion for Leave to Seal (DN 8).

Petitioner Enrique Antonio Guillen Garcia ("Garcia"), a native and citizen of Mexico, entered the United States without inspection through unknown location on an unknown date. (Resp'ts' Resp. Show Cause Order 1, DN 7; Resp'ts' Resp. Show Cause Order Ex. 2, at 2, DN 7-2).

On October 2, 2026, an Indiana law enforcement officer conducted a traffic stop on a vehicle driven by Garcia. (Resp'ts' Resp. Show Cause Order Ex. 2, at 2). After the officer contacted Immigration and Customs Enforcement ("ICE"), a Warrant for Arrest of Alien and Notice to Appear were issued and served on Garcia. (Resp'ts' Resp. Show Cause Order Ex. 1, at 1-4, DN 7-1; Resp'ts' Resp. Show Cause Order Ex. 2, at 2; Resp'ts' Resp. Show Cause Order Ex. 3, at 1, DN 7-3). He was arrested and is currently housed at the Hopkins County Jail. (Resp'ts' Resp. Show Cause Order Ex. 2, at 2; Pet. 1).

Garcia filed his *pro se* Petition for Writ of Habeas Corpus against Respondents: Samuel Olson, Field Office Director for the Chicago Field Office of ICE; Mike Lewis, Hopkins County Jailer; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); Lauren Biz, Assistant Secretary of DHS; and Todd Blanche, Attorney General of the United States. (Pet. 1). He challenges his continued detention, and alleges violations of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment of the U.S. Constitution. (Pet. 6-7).

**A. <u>Petition for Writ of Habeas Corpus</u>**

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Garcia bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citation omitted). The due process protections of the Fifth Amendment to all persons regardless of status, including a noncitizen. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025). Even though detention pending removal is "a constitutionally valid aspect of the deportation process[,]" such detention must satisfy the requirements of due process. *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Respondents conceded that Garcia is being detained pursuant to 8 U.S.C. § 1226(a). (Resp'ts' Resp. Show Cause Order 1). Thus, he is eligible to be considered for release on bond during a custody redetermination hearing before an immigration judge. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 721-22 (6th Cir. 2026).

While Garcia requests his immediate release, the record does not reflect that he has exhausted administrative remedies. The Sixth Circuit has not yet decided "whether courts should impose administrative exhaustion in the context of a noncitizen's habeas petition for unlawful mandatory detention." *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (citing *Hernandez Torrealba v. U.S. Dep't of Homeland Sec.*, No. 1:25-CV-1621, 2025 WL 2444114, at *8 (N.D. Ohio Aug. 25, 2025)). Likewise, "[t]he Sixth Circuit has not formally adopted a standard for determining when prudential exhaustion applies." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 778 (E.D. Mich. 2025). However, to determine whether prudential exhaustion should be required, courts within this circuit "have applied the three-factor test, set forth in *United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983) (derived from *McGee v. United States*, 402 U.S. 479, 484 (1971); *McKart v. United States*, 395 U.S. 185, 193-95 (1969))." *Id.* Prudential exhaustion may be required when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (citing *Shweika v. Dep't of Homeland Sec.*, No. 1:06-CV-11781, 2015 WL 6541689, at *12 (E.D. Mich. Oct. 29, 2015)).

Since the Sixth Circuit's decision in *Lopez-Campos*, Respondents have indicated their commitment to apply that law. There is nothing to suggest that administrative review of the

controlling legal question of whether Garcia is entitled to bond would not result in an agency decision consistent with the law. Therefore, exhaustion is not futile in this case, and Garica must exhaust his administrative remedies by requesting a custody redetermination hearing before an immigration judge.

**B. Respondents' Motion for Leave to Seal**

In accordance with the Show Cause Order, Respondents moved for leave to seal and filed unredacted copies of their documents relating to the Petition. (Resp'ts' Mot. Leave Seal, DN 8). Because the grounds stated in the motion sufficiently substantiate the need for sealing the unredacted documents, the motion is granted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (DN 1) is **DENIED WITHOUT PREJUDICE**.

2. Respondents' Motion for Leave to Seal (DN 8) is **GRANTED**, and the Clerk shall seal DN 9.

3. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
November 20, 2026

cc: counsel of record
Petitioner, *pro se*